# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEDRICK JENIFER, | * | |
| Petitioner, | * | Civ. Action No. RDB-20-01912 |
| v. | * | Crim. Action No. RDB-14-0411 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In September of 2014, *pro se* Petitioner Kedrick Jenifer ("Jenifer" or "Petitioner") was the lead defendant of a group of defendants indicted by a federal grand jury and charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. In light of the fact that Jenifer had been previously convicted in this Court in Case No. WDQ-03-0475 for a drug conspiracy offense, the Government filed a notice pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. The effect of that *statutory* notice was to notify Petitioner that if he was convicted in this case, he would face a mandatory minimum sentence of twenty years in prison. On October 20, 2015 Jenifer pled guilty to this conspiracy pursuant to Fed. R. Crim. P. 11(c)(1)(C) with an agreement that the appropriate sentence in this case was the mandatory minimum required by statute of 240 months (twenty years). (Plea Agreement, ECF No. 259; Judgment, ECF No. 318.) The advisory guideline calculation as reflected in the presentence report was a range of 292 months to 365 months. (Presentence Investigation Report and Recommendation at 17, ECF No. 286.) On March 4,

2016 this Court sentenced Petitioner to the agreed statutory mandatory minimum 240 months.  (ECF No. 317.)

After the Court entered its Judgment, Jenifer did not seek review of either his conviction or sentence from the United States Court of Appeals for the Fourth Circuit.  On December 26, 2017, Jenifer for the first time, sought post-conviction relief by submitting a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241.  *See* Pet. for Writ of Habeas Corpus, *Jenifer v. Warden*, No. RDB-18-1090 (D. Md. Dec. 26, 2017), ECF No. 1.  On March 3, 2020, Jenifer sought dismissal of that same petition, which was granted by this Court on May 4, 2020.  *See id.* at ECF No. 14.  On June 25, 2020, Jenifer filed the pending Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255.  (ECF No. 439.)  The Government opposes Petitioner's § 2255 Motion and filed a Response in support of its position on September 29, 2020.  (ECF No. 464.)  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2018).

Jenifer argues in his Petition that he was improperly sentenced as a "career offender" with enhanced advisory guidelines.  His argument is without merit as the guidelines calculation had no effect upon the sentence imposed by this Court.  He was sentenced to a mandatory minimum sentence required by statute and not a guideline enhancement.  This sentence was imposed by agreement pursuant to Rule 11(c)(1)(C) and was below the advisory guideline range.  Accordingly, for the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 439) is DENIED.

## BACKGROUND

On September 3, 2014, Petitioner Jenifer, along with numerous co-conspirators, was indicted by a federal grand jury in connection with a cocaine trafficking organization. (*See* ECF Nos. 1, 359.) Jenifer, as the head of the drug organization, was responsible for orchestrating the transportation of hundreds of kilograms of cocaine from Texas to Maryland. (ECF No. 359.) Jenifer and his co-conspirators were charged with conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. On May 13, 2015, the Government filed a Notice indicating its intention to seek an enhanced sentence pursuant to 21 U.S.C. § 851, based on Jenifer's 2004 federal conviction for conspiracy to distribute a controlled substance. (ECF No. 183.) On October 20, 2015, Jenifer pled guilty, pursuant to Fed. R. Crim. P. 11(c)(1)(C) with an agreed sentence of 240 months. (ECF No. 259.) On March 4, 2016, this Court sentenced Jenifer to 240 months' imprisonment, the sentence agreed to by the parties. (ECF No. 318.) Jenifer did not seek to appeal his judgment or conviction.

Jenifer sought post-conviction relief for the first time on December 26, 2017 when he submitted a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, to the United States District Court for the District of New Jersey.[1] *See* Pet. for Writ of Habeas Corpus, *Jenifer*, No. RDB-18-1090, ECF No. 1. The court deemed this petition and request for relief a motion filed pursuant to 28 U.S.C. § 2255, and on or about April 17, 2018, Jenifer's case was transferred to this Court. *Id.* at ECF Nos. 3, 5. On April 23, 2018, this Court ordered Jenifer to file notice as to whether he wanted the filing to be construed as a motion filed

---

[1] At this time, Petitioner was incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. *See* Pet. for Writ of Habeas Corpus, *Jenifer*, No. RDB-18-1090, ECF No. 1.

under § 2255.  *Id.* at ECF No. 6.  On May 18, 2018, Jenifer submitted a response, indicating

that he did not want his filing to be construed as such.  *Id.* at ECF No. 7.  Ultimately, on

March 3, 2020, Jenifer filed a motion seeking dismissal of his § 2241 petition.  *Id.* at ECF

No. 13.  This Court granted Jenifer's motion on May 4, 2020.  *Id.* at ECF No. 14.

On June 25, 2020, Jenifer submitted the presently pending Motion to Vacate, Set

Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 439).  Jenifer argues that

his enhanced sentence cannot stand in light of *United States v. Whitley*, 737 Fed. App'x 147,

149 (4th Cir. 2018), in which the United States Court of Appeals for the Fourth Circuit held

in an unpublished opinion that a conviction under 21 U.S.C. § 846 is not a "controlled

substance offense" as defined by the U.S. Sentencing Guidelines for career offender

sentencing enhancement purposes.[2]  (ECF No. 439-1 at 10-12.)

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings

liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Under 28 U.S.C. § 2255, a

prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1)

the sentence was imposed in violation of the Constitution or laws of the United States, (2)

the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of

the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral

attack.  *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255).  "[A]n

error of law does not provide a basis for collateral attack unless the claimed error constituted

---

[2] Under the Fourth Circuit's Local Rules, unpublished opinions are not precedential; indeed, "[i]n the absence of unusual circumstances," the Fourth Circuit is bound as a court "not [to] cite an unpublished disposition in any of [its] published opinions or unpublished opinions."  *See Hogan v. Carter*, 85 F.3d 1113, 1118 (4th Cir. 1996) (quoting Local Rule 36(c)).  Nevertheless, this Court conducts its analysis in light of the Fourth Circuit's opinion in *Whitley*.

'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 386 U.S. at 428 (1962)).

The scope of § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).  Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant shows cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

<u>ANALYSIS</u>

Jenifer moves to vacate his sentence on the grounds that the enhanced sentence he received cannot stand in light of the Fourth Circuit's unpublished decision in *Whitley*, which held that a conviction under 21 U.S.C. § 846 is not a "controlled substance offense" as defined by the U.S. Sentencing Guidelines for career offender sentencing enhancement purposes.  737 Fed. App'x at 194.  The petition must be denied for two reasons.  First, Jenifer's motion is untimely, as he filed it more than three years after his judgment of conviction became final—well beyond the one-year limitations period applicable to § 2255 claims.  Second, even if Jenifer's petition were timely, his argument fails because the Fourth Circuit has conclusively established that improper application of sentencing guidelines does not warrant relief under § 2255.  *See, e.g.*, *United States v. Foote*, 784 F.3d 931, 939 (4th Cir. 2015) (declining to declare a fundamental defect in sentencing according to sentencing guidelines that are strictly advisory); *Holt v. United States*, DKC-16-2392, 2020 WL 134536, at

*2 (D. Md. 2020), *appeal docketed*, No. 20-6237 (4th Cir. Feb. 2, 2020) ("[I]mproper application of the career offender guideline is not a fundamental defect cognizable in a § 2255 proceeding.").   Furthermore, the Petitioner was not sentenced pursuant to the guideline calculation.  He was sentenced pursuant to Rule 11(c)(1)(C).

## I.   The Motion to Vacate is Untimely.

A petition for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2255(a).  Petitions for such relief filed pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations.  28 U.S.C. § 2255(f).  The one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

In his motion, Jenifer does not assert that subsections (2)-(4) of § 2255(f) apply. Therefore, this Court assumes for present purposes that Petitioner's one-year clock to seek habeas relief began to run when his judgment became final.  Under § 2255(f)(1), a judgment of conviction becomes final upon the conclusion of direct review or expiration of the time for seeking such review.  *Clay v. United States*, 537 U.S. 522, 525 (2003).  Petitioner did not

appeal his conviction or sentence. Thus, his judgment became final on March 18, 2016, fourteen days after entry of judgment. Fed. R. App. P. 4(b)(1), (b)(6) (providing that a criminal defendant must file notice of an appeal within fourteen days after the judgment is "entered on the criminal docket"); *accord United States v. Osborne*, 425 F App'x 294, 295-96 (4th Cir. 2011) (per curiam). Accordingly, Jenifer's window to file a § 2255 motion closed on March 19, 2017. Jenifer did not seek any post-conviction relief until December 2017, when he filed a habeas petition under 28 U.S.C. § 2241.

Jenifer asks this Court to toll the statute of limitations. (*See* ECF No. 439-1 at 4.) This Court must deny the Petitioner's request. To be sure, the one-year statute of limitations for federal habeas review is subject to equitable tolling, which, in effect, excuses the filing of a tardy habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc). Equitable tolling of a petition for collateral review is available when the petitioner demonstrates: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Consistent with this framework, the Fourth Circuit has instructed that equitable tolling is appropriate in those "'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result.'" *Whiteside*, 775 F.3d at 184 (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

In this case, Jenifer has not provided a reliable basis for why he should be entitled to equitable tolling. In his motion, Jenifer states that the "government was responsible for

erecting a barrier which caused [him] to endure hardship when mailing or receiving correspondence." (ECF No. 439-1 at 6.) He asserts that "[a] review of the record reveals that [he] diligently sought to preserve his collateral attack rights." (*Id.*) The Petitioner claims that he first sought post-conviction relief in the form of a § 2255 motion in July of 2016, within the one-year window. (ECF No. 471 at 3.) He provides copies of letters he allegedly sent to the clerk's office seeking status updates with respect to this motion. (ECF Nos. 439-2, 439-3.) Petitioner therefore claims that the § 2241 habeas petition filed in December 2017 was his second attempt to seek post-conviction relief, and with respect to this petition, he again claims that he never received any correspondence from the clerk's office. (ECF No. 439-1 at 7.) He further claims that the U.S. Bureau of Prisons has been scrutinizing his mail throughout his time of incarceration, and that he has attempted, without avail, to use the Freedom of Information Act, 5 U.S.C. § 552, to "get to the bottom of the obstacles he faces." (ECF No. 471 at 2.) The Petitioner argues that these "repeated obstructions to mail and the court," combined with the fact that he is aided solely by an "individual unskilled in the complex area of federal post-conviction proceedings," cause his case to fall within the purview of *Holland*. (ECF No. 471 at 2; ECF No. 439-1 at 3.)

The Petitioner's claims are without merit. The record in this case does not, as he claims, "reveal that [he] diligently sought to preserve his collateral attack rights." With respect to his alleged filing of a § 2255 motion in July of 2016, Jenifer has failed to provide any copy of such a petition and relies solely on letters that he alleges were sent to the Court seeking to inquire about the status of his petition. (*See* ECF Nos. 439-2, 439-3.) The docket in this case does not reflect that these letters were ever received by the Court. The docket

does, however, include other correspondence between the Petitioner and the Court throughout his incarceration.  For example, this Court received a motion from the Petitioner in September 2017 (ECF No. 387); a letter seeking a status update in January 2018 (ECF No. 389); and his response to this Court's correspondence with respect to his § 2241 habeas petition in May 2018 (ECF No. 393).  Jenifer's assertions that the Bureau of Prisons was withholding or obstructing his mail is unsupported by the record.  Further, the Petitioner's unfamiliarity with the legal system, law, and reliance on untrained or unskilled persons to assist him does not warrant tolling of the limitations period.  "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 365 F.3d 507, 512 (4th Cir. 2004).

For these reasons, equitable tolling does not apply to Jenifer's Motion. There is no indication on the record that Jenifer diligently pursued his rights or that extraordinary circumstances beyond his control or external to his own conduct prevented him from timely filing his request for post-conviction relief.  Accordingly, because Jenifer's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 439) was filed more than three years after the judgment entered against him became final, his motion is untimely.

## II.   The Petitioner's Argument is Not Cognizable under § 2255.

Even if the Petitioner's motion were timely, his argument is not cognizable under § 2255.  Jenifer appears to argue that he was incorrectly classified as a career offender under the U.S. Sentencing Guidelines because the Fourth Circuit has recently held that the offense to which he pled—conspiracy to distribute cocaine—is not a "controlled substance offense" and not a valid predicate for a "career offender" sentence enhancement. *See Whitley*, 737 F.

App'x at 148-49.  Jenifer contends that this purportedly incorrect sentencing classification requires this Court to vacate his sentence.

Quite simply, Jenifer was not sentenced pursuant to a guideline calculation.  He was sentenced pursuant to an agreed sentence based on a *statutory* calculation.  (ECF No. 464 at 8.)  For this reason, the Government aptly notes that *Whitley* does not apply. (*Id.*)  As the Government's Response explains, Jenifer's sentence enhancement in this case was made under 21 U.S.C. § 851 and was a statutory-based enhancement, not an enhancement based on the sentencing guidelines.  (ECF No. 464 at 8.)  Jenifer was charged in an indictment with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846.  (ECF No. 1.)  Pursuant to 21 U.S.C. § 851, the government provided notice that it would seek the enhanced penalty specified in 21 U.S.C. § 841(b)(1)(A).  (ECF No. 183.)  Specifically, based on 21 U.S.C. § 841(b)(1)(A) and § 851, Jenifer was subject to and received a statutory mandatory minimum sentence of twenty years.  (ECF No. 464 at 8.)  The Petitioner contends in his Reply that the fact his sentence enhancement was statutory, rather than based on the sentencing guidelines, is immaterial. (ECF No. 471 at 8.)  He claims that the logical extension of *Whitley* is that if a conspiracy charge does not qualify as a predicate offense under the advisory sentencing guidelines, it cannot stand under the statutory requirements either.  (*Id.*)  There is absolutely no authority to support this proposition.

This Court has previously addressed the application of *Whitley* in the context of a § 2255 motion, and the Petitioner's argument is without merit.  *See Gilliard v. United States*, RDB-08-510169, 2020 WL 510169, at *4 (D. Md. Jan. 31, 2020).  As this Court explained in

*Gilliard*, § 2255 permits petitioners to collaterally attack their sentence on narrow grounds. "[I]f an alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to a fundamental defect which inherently results in a complete miscarriage of justice." *Foote*, 784 F.3d at 936.  In *Foote*, the defendant sought re-sentencing based on his contention that, in light of an intervening change of law, one of his prior state drug offenses no longer qualified as a predicate offense for purposes of the career offender guideline.  *Id.* at 935.  The Fourth Circuit rejected this argument, holding that "sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated" does not result in a "fundamental defect which inherently results in a complete miscarriage of justice."  *Id.* at 936; *see also Holt*, 2020 WL 134536, at *2 (holding that improper application of career offender guidelines is not cognizable under § 2255); *Curtin v. United States*, TDC-14-0467, 2018 WL 3611050, at *3 (D. Md. July 27, 2018) (holding that *Foote* mandated rejection of petitioner's request to reduce his sentence based on his contention that he was erroneously classified as a career offender).

As these cases hold, Petitioner cannot utilize § 2255 to challenge his career offender designation four years after his conviction.  As in *Foote*, Petitioner argues that a recent decision of the Fourth Circuit—in this case, *United States v. Whitley*, 737 F. App'x 147 (4th Cir. 2018)—holds that his conviction cannot serve as a predicate for his career offender designation.  Even if Petitioner's contention is correct, *Foote* precludes the relief he seeks.  As in *Foote*, the decision in *Whitley* has not produced a "fundamental defect which inherently results in a complete miscarriage of justice."  *Foote*, 784 F.3d at 936.

CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 439) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: November 20, 2020

_____/s/_____
Richard D. Bennett
United States District Judge