IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-14-411 |
| KEDRICK JENIFER, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Kedrick Jenifer is a 50-year-old federal prisoner who is serving a 240-month sentence for Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine in violation of 21 U.S.C. § 846. (Judgment, ECF No. 318; Superseding Indictment, ECF No. 97.) Now pending is Jenifer's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "compassionate release" statute). (ECF Nos. 475, 500.) The Government opposes the motion. (ECF No. 508.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Jenifer's motion is DENIED.

### BACKGROUND

On October 20, 2015, Kedrick Jenifer pled guilty to the sole count in the Superseding Indictment filed against him which charged with conspiracy to distribute and possess with intent to distribute cocaine. (Plea Agreement, ECF No. 259.) Jenifer admitted that beginning in or about September 2012 and continuing through October 2014, he was the leader of a drug trafficking organization that transported kilogram quantities of cocaine from Houston,

Texas to Baltimore, Maryland. (Presentence Investigation Report ("PSR"), ECF No. 286 ¶¶ 6-15.) Jenifer further admitted that between August 2013 and October 2014, his drug trafficking organization transported no less than 450 kilograms of cocaine from Houston to Baltimore. (*Id.* ¶ 13.) Jenifer entered his plea of guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (ECF No. 259 ¶ 9.) Jenifer and the Government agreed that a sentence of 240 months of imprisonment, the applicable mandatory minimum, was the appropriate sentence in this case.[1] (*Id.*) At sentencing, this Court accepted the plea agreement and sentenced Jenifer to the agreed-upon period of 240 months in the custody of the Bureau of Prisons. (ECF No. 318.) On January 18, 2021, Jenifer filed a *pro se* motion for compassionate release. (ECF No. 475.) On September 8, 2021, through counsel, Jenifer filed a renewed motion for compassionate release. (ECF No. 500.) Jenifer seeks a reduction in sentence of 5 years on the ground that if he were sentenced today for the same conduct, he would only be subject to a 15-year mandatory minimum. His current release date is December 4, 2031.

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts

---

[1] On May 13, 2015, the Government filed a notice of prior felony drug conviction pursuant to 21 U.S.C. § 851. (ECF No. 183.) With the filing of the notice, Jenifer became subject to an enhanced mandatory minimum term of imprisonment of 240 months.

2

directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Similarly, a defendant who is "(i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less," presents extraordinary and compelling reasons to release. U.S.S.G. § 1B1.13 cmt. n.1(B). Finally, the Commission has authorized the Bureau of Prisons

to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020); *accord United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (holding that "the First Step Act allows courts independently to determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling'").

I.      **Extraordinary and Compelling Reasons**

As an initial matter, the Government acknowledges that Jenifer has exhausted his administrative remedies. (ECF No. 508 at 13.) Accordingly, this Court must determine whether he has demonstrated that "extraordinary and compelling" reasons support relief." 18 U.S.C. § 3582(c)(1)(A).

Jennifer's sentencing disparity argument fails. Jenifer argues that if he were sentenced today, he would likely not be subject to an enhancement under 21 U.S.C. § 851 because charging practices in this District have changed. Jenifer also argues that due a change in the law of sentencing, even with a § 851 enhancement, he would face only a 15-year mandatory minimum. "A sentencing disparity may, in limited circumstances, constitute an extraordinary and compelling reason to reduce a sentence and grant compassionate release." *United States v.*

4

*Eccleston*, No. PJM 11-0567, 2021 U.S. Dist. LEXIS 226727, at *8 (D. Md. Nov. 24, 2021) (citing *McCoy*, 981 F.3d at 285-286). Section 401 of the First Step Act of 2018 amended the sentencing enhancements under 21 U.S.C. § 851, reducing the mandatory minimum following a § 851 notice from 20 to 15 years for one qualifying conviction. *See United States v. Sappleton*, No. 01-284-PJM-3, 2021 U.S. Dist. LEXIS 29020, at *5 (D. Md. Feb. 16, 2021). In this case, the Government's § 851 notice referenced Jenifer's prior conviction for a narcotics offense in this Court as the predicate for the sentencing enhancement. *See* Case No. WDQ-03-0475. Accordingly, Jenifer is correct that if sentenced today, he would no longer face a 20-year mandatory minimum.

This Court has held that sentencing disparities can constitute extraordinary and compelling reasons supporting compassionate release where a sentence was driven largely by a provision of law which has since been modified. *See, e.g.*, *United States v. Graham*, No. RDB-11-094, 2022 U.S. Dist. LEXIS 13198, at *8 (D. Md. Jan. 25, 2022) (reducing a sentence from 147 years to 57 years where the original sentence was largely driven by stacked 25-year mandatory minimum terms under 18 U.S.C. § 924(c) which are no longer applicable) (citing *McCoy*, 981 F.3d at 285). In this case, however, Jenifer's advisory guidelines range was 292 to 365 months, a range driven primarily by the admitted drug quantity involved in the conspiracy and by the fact that Jenifer received a four-level upward adjustment for his role as an organizer and leader of the drug trafficking organization. (ECF No. 259 ¶ 6.) At sentencing, this Court determined that a variance below the advisory guidelines range to the then-applicable mandatory minimum of 240 months was appropriate given the sentences Jenifer's co-defendants had received. (Sentencing Tr., ECF No. 500-2 at 36.) Specifically, this

5

Court noted that co-defendant Tyrone Allen, who was the "number-two individual in this organization," had received a sentence of 16 years. (*Id.*) The record simply does not reflect that Jenifer's sentence was driven primarily by the enhanced mandatory minimum. Accordingly, this Court concludes that any sentencing disparity on the basis of changes to the applicable mandatory minimum does not constitute an extraordinary and compelling reason to reduce Jenifer's sentence.

To the extent Jenifer argues that his post-conviction rehabilitation alone represents an extraordinary and compelling reason to reduce his sentence, the law is clear that "rehabilitation alone cannot justify compassionate release." *United States v. Holness*, No. ELH-09-611, 2022 U.S. Dist. LEXIS 9269, at *39 (D. Md. Jan. 14, 2022). Even if post-conviction rehabilitation alone could constitute an extraordinary and compelling reason to grant compassionate release, Jenifer's mixed record in the Bureau of Prisons would not support the relief requested. (Disciplinary Record, ECF No. 508-1.) Accordingly, this Court concludes that Jenifer has not presented extraordinary and compelling reasons to grant relief.

## II.     18 U.S.C. § 3553(a) Factors

Even if Jenifer had demonstrated the existence of extraordinary and compelling reasons, compassionate release would nonetheless be inappropriate because the factors found at 18 U.S.C. § 3553(a) do not support relief. The factors require this Court to evaluate (1) Jenifer's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need

6

to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a); *United States v. Bryant*, Crim No. 95-202-CCB, 2020 WL 2085471 at *4. Jenifer's offense was extremely serious. He led a drug trafficking organization that was responsible for putting hundreds of kilograms of cocaine on the streets of Baltimore. Jenifer engaged in this conduct even though he had sustained a prior narcotics conviction in this Court. A reduction in Jenifer's sentence would not provide just punishment or promote respect for the law given the length of time he still has left to serve. This Court is also mindful of the need to deter Jenifer from engaging in similar conduct in the future. This Court further notes that the Government has presented concerning information regarding a post-conviction attempt by Jenifer to threaten one of the prosecutors on his case.[2] (ECF No. 508 at 23-24.) In addition, reducing Jenifer's sentence below the sentence co-defendant Tyrone Allen received would produce an unwarranted sentencing disparity given Jenifer's admitted leadership role in the conspiracy. While this Court recognizes that Jenifer has taken advantage of programming in the Bureau of Prisons and that he has the support of family and friends, a reduction in Jennifer's sentence is not appropriate.

---

[2] This Court does not make a finding of fact on this issue as it is not dispositive in the context of Jenifer's motion for compassionate release.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 1st day of March 2022 that Defendant Kedrick Jenifer's Motion for Compassionate Release (ECF Nos. 475, 500) is DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge