# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      *

   v.                        *          Criminal Action No. RDB-14-411

KEDRICK JENIFER,         *

   *Defendant.*             *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

On October 20, 2015, Defendant Kedrick Jenifer ("Defendant" or "Mr. Jenifer") pleaded guilty to conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. (ECF No. 259.) Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Government and the Defendant agreed upon a sentence of 240 months (twenty years).[1] (*Id.*) In accordance with the plea agreement, on March 4, 2016, this Court sentenced Mr. Jenifer to 240 months (twenty years) of incarceration, with credit for time served in federal custody since October 9, 2014. He was also sentenced to ten years of supervised release to follow his imprisonment. (ECF No. 318.) Mr. Jenifer is now fifty-four years old and currently incarcerated at FCI Edgefield in Edgefield, South Carolina. His projected release date is December 4, 2030. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (search by register number: 41041-037) (last accessed Feb. 25, 2026).

---

[1] In a Rule 11(c)(1)(C) plea agreement, the defendant agrees to plead guilty or no contest to a charged or lesser offense, and the Government's attorney agrees to a specific sentence or sentencing range. FED. R. CRIM. P. 11(c)(1)(C). Once the court accepts the plea agreement, the Government's recommendation is binding. *Id.*

Now pending before this Court is Defendant's Motion for Reduction of Sentence ("Motion for Compassionate Release") pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 589.) In his Motion, Mr. Jenifer argues that the unwarranted sentencing disparity between both his co-Defendants and other similarly situated defendants, coupled with his rehabilitation efforts, constitute extraordinary and compelling reasons warranting a sentence reduction. *See generally* (ECF No. 589). The Government has responded in opposition to Defendant's Motion (ECF No. 601) and Mr. Jenifer has replied. (ECF No. 603.) The Court has reviewed the relevant filings; no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, Defendant's Motion for a Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 589) is GRANTED. The Court REDUCES Mr. Jenifer's sentence from 240 months (twenty years) to 204 months (seventeen years).

## BACKGROUND

On February 4, 2015, a federal grand jury sitting in Baltimore returned a one-count Superseding Indictment (ECF No. 146) charging Mr. Jenifer with distributing and possessing with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846. (ECF No. 97.) He pleaded guilty to that count pursuant to Federal Rule of Civil Procedure 11(c)(1)(C) on October 20, 2015. (ECF No. 259.) In his plea agreement, Mr. Jenifer made certain factual and sentencing stipulations. (*Id.*, Attach. A.) The following factual history is derived from those stipulations.

Beginning in or around September 2012 and continuing through October 2014, Mr. Jenifer was the leader of a drug trafficking organization that transported large quantities of

cocaine from Houston, Texas to Baltimore, Maryland. (*Id.*) Between August 2013 and October 2014, his drug trafficking organization transported no less than 450 kilograms of cocaine between the two cities. (*Id.*)

On October 20, 2015, Mr. Jenifer entered his guilty plea, which included an agreement with the Government to a term of imprisonment of 240 months (twenty years). (*Id.*) The parties stipulated that the base offense level was at least 38 and ultimately agreed to an adjusted offense level of 39.[2] At sentencing, this Court accepted the plea agreement and sentenced Mr. Jenifer to the agreed-upon term of 240 months (twenty years), followed by ten years of supervised release. (ECF No. 318.) Mr. Jenifer did not seek to appeal his judgment or conviction, although he sought various forms of post-conviction relief,[3] including the pending Motion for Compassionate Release. (ECF No. 589.)

## STANDARD OF REVIEW

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). An exception to that rule is the First Step Act, *id.* §

---

[2] In determining the offense level, the parties stipulated that Mr. Jenifer's role as the organizer and leader of the drug trafficking organization qualified him for a four-level upward adjustment under U.S.S.G. § 3B1.1(c). (ECF No. 259 at 4.) The parties further agreed to a two-level reduction based on Mr. Jenifer's acceptance of responsibility, as well as an additional one-level reduction based on Mr. Jenifer's timely notification of his intent to plead guilty. (*Id.*)

[3] Mr. Jenifer sought post-conviction relief for the first time on December 26, 2017, when he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Pet. for Writ of habeas Corpus, *Jenifer v. Warden*, No. RDB-18-1090, ECF No. 1. Later, on March 3, 2020, he voluntarily sought dismissal of the § 2241 petition. *Id.* at ECF No. 13. This Court granted his motion on May 4, 2020. *Id.* at ECF No. 14. On June 25, 2020, Mr. Jenifer filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 439), which this Court denied on November 20, 2020. (ECF No. 473.) On January 20, 2021, Mr. Jenifer filed a pro se Motion for Compassionate Release. (ECF No. 475.) On September 8, 2021, Mr. Jenifer filed a renewed Motion for Compassionate Release through counsel. (ECF No. 500.) This Court denied that Motion on March 1, 2022. (ECF No. 534.)

3582(c)(1)(A), enacted in 2018, which allows a federal district court to act on a motion for compassionate release filed directly by a prisoner.[4] *See United States v. Eccleston*, 573 F. Supp. 3d 1013, 1016 (D. Md. 2021) (citing *United States v. McCoy*, 981 F.3d 271, 274 (4th Cir. 2020)). Before a court may grant relief, a petitioner must first demonstrate that he has "exhausted his administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or that thirty days have passed since the petitioner requested the warden of his facility to file a compassionate release motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). Once a petition has exhausted his administrative remedies, a court may only grant relief if: (1) the petitioner presents extraordinary and compelling circumstances; and (2) relief would be consistent with the sentencing factors outlined in 18 U.S.C. § 3553(a). *Id.* § 382(c)(1)(A). *See Eccleston*, 571 F. Supp. 3d at 1016.

## ANALYSIS

### I.    Administrative Exhaustion Requirements

Mr. Jenifer has exhausted his administrative remedies. Before a defendant may file a motion for compassionate release, he must either "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or demonstrate that thirty days have lapsed "from the receipt of such a request by the warden of [his] facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Mr. Jenifer has met his administrative exhaustion requirements by demonstrating that he submitted an administrative

---

[4] Prior to the 2018 enactment of the First Step Act, district courts could only reduce a term of imprisonment for an extraordinary and compelling reason when a motion had been filed by the Director of the Bureau of Prisons. *See United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A) (2002)).

request for a reduced sentence, and the warden of FCI Edgefield failed to respond within 30 days.[5] *See* (ECF No. 589, Ex. 2).

## II.    Extraordinary and Compelling Circumstances

Mr. Jenifer has demonstrated the extraordinary and compelling circumstances necessary to reduce his sentence. In 28 U.S.C. § 994(t), Congress tasks the United States Sentencing Commission with defining "what should be considered extraordinary and compelling reasons for sentence reduction," as those terms are used in 18 U.S.C. § 3582(c)(1)(A). The Commission has identified six possible circumstances that, viewed separately or together, may establish "extraordinary and compelling reasons" for a sentence reduction. These reasons include:

(1) a serious medical circumstance of the defendant;

(2) a defendant who is 65 years old that suffers from serious health deterioration and has served either 10 years or 75 percent of his or her term;

(3) the death or incapacitation of an immediate family member;

(4) the defendant being a victim of abuse while in custody;

(5) other reasons of similar gravity as (1)–(4); and

(6) unusually long sentence if the defendant has served at least ten years.

U.S.S.G. § 1B1.13(b)(1)–(6). Additionally, "courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981

---

[5] The Government contends that Mr. Jenifer has not satisfied the requirement of administrative exhaustion because his administrative request for a sentence reduction was submitted by counsel, and not by Mr. Jenifer himself. (ECF No. 601.) That argument fails because a request for compassionate release submitted by counsel on behalf of the inmate is treated "in the same manner as an inmate's request." 28 C.F.R. § 571.61(b).

F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)); *see also United States v. Wise*, No. ELH-18-72, 2020 WL 2614816, at *6 (D. Md. May 22, 2020) (recognizing that, beyond the Commission's commentary, a federal district court "retains independent discretion to determine whether 'extraordinary and compelling reasons' warrant a sentence reduction").

Mr. Jenifer raises two arguments that he contends present "extraordinary and compelling reasons" to reduce his sentence: (1) unwarranted sentencing disparities both between himself and his co-Defendants and between himself and other defendants similarly situated; and (2) his rehabilitation efforts. (ECF No. 589 at 1.) In Opposition, the Government asserts that no unwarranted sentencing disparity exists because his current sentence reflects his increased culpability as the leader of his own drug trafficking organization. (ECF No. 601.) Additionally, the Government emphasizes this Court's previous finding in its Memorandum Order denying Mr. Jenifer's Motion for Compassionate Release that "any sentencing disparity on the basis of changes to the applicable mandatory minimum does not constitute an extraordinary and compelling reason" for sentence reduction. (*Id.* (citing ECF No. 534 at 6).) Finally, the Government argues that Mr. Jenifer's rehabilitation efforts are insufficient as rehabilitation was already addressed in Mr. Jenifer's prior Motion for Compassionate Release and Mr. Jenifer continues to present a threat to society. (*Id.*) In Reply, Mr. Jenifer argues that the Government misunderstands his proffered arguments, which misconstrue his relief based on the change in law relating to 21 U.S.C. § 851 enhancements. (ECF No. 603.) Instead, Mr. Jenifer emphasizes that a moderate sentence reduction is appropriate based on unwarranted disparities between similarly situated co-Defendants and similarly situated defendants today. (*Id.*) The Court addresses each argument in turn.

Mr. Jenifer's sentence is disparately long compared to those of similarly situated defendants, including his co-Defendants here. A disparity in sentencing may constitute an "extraordinary and compelling" reason for sentence reduction. *United States v. Brown*, 78 F.4th 122, 124, 126, 131–32 (4th Cir. 2023); *United States v. Eccleston*, 573 F. Supp. 3d 1013, 1017 (D. Md. Nov. 24, 2021). In his Motion, Mr. Jenifer acknowledges his more culpable role as the leader of a drug trafficking organization. (ECF No. 589 at 7.) He highlights, however, the disparity between his sentence and those of his co-Defendants, particularly: Tyrone Allen, the "lieutenant" of the conspiracy with a criminal history category of III, sentenced to 192 months (sixteen years); Brooke Lunn, an experienced transporter with an extensive criminal history, sentenced to 144 months (twelve years); and Elroy Johnson, Jr., an involved conspiracy member and career offender, sentenced to 120 months (ten years). (*Id.* at 7–9.) Mr. Jenifer, by comparison to Mr. Allen, had a criminal history category of II. (*Id.* at 7.) Further, although Mr. Jenifer was the leader of a drug trafficking organization, the co-Defendants referenced above were all relatively high-ranking members of the drug organization. Despite these similar levels of culpability, and Mr. Jenifer's lower criminal history category relative to Mr. Allen, each of those men received significantly shorter sentences than Mr. Jenifer. This disparity warrants a moderate sentence reduction.

Moreover, in some cases, a sentencing disparity between co-defendants may arise over time. *See, e.g.*, *Eccleston*, 573 F. Supp. 3d at 1018 (citing *United States v. Payton*, No. PMJ-06-341, 2021 WL 927631, at *2 (D. Md. Mar. 11, 2021) (ruling that a sentencing disparity between co-defendants had developed due to a sentencing reduction for one defendant and not the other)). Here, Mr. Jenifer emphasizes that his sentence is excessive relative to his culpability because

all of his co-Defendants are no longer imprisoned,[6] while he has almost five years left to serve. (*Id.* at 1.) As such, a sentence reduction is warranted to address the disparity.

Mr. Jenifer also argues that if he were to be sentenced today, he might receive a lesser sentence. Courts may treat a disparity between a defendant's original sentence and the sentence that would likely be imposed today as an "extraordinary and compelling" reason for relief. *Brown*, 78 F.4th at 131 (acknowledging that a sentence substantially longer than the average sentences imposed for the current offense and for far more serious, violent crimes may warrant a sentence reduction); *United States v. Whitehurst*, No. PJM-11-587, 2024 WL 3455708, at *1, 4 (D. Md. July 17, 2024) (reducing a defendant's sentence, in part, because disparities existed with modern sentencing in non-violent, drug trafficking cases). Here, Mr. Jenifer's sentence is substantially longer than the average sentence imposed for his current offense and far more serious and violent crimes. As noted in the Defendant's Motion for Compassionate Release (ECF No. 589), the average sentences imposed in Maryland for non-violent drug trafficking offenses with category II criminal histories are far less than Mr. Jenifer's sentence. (ECF No. 259.) The average sentence length for defendants with such characteristics from 2020 through 2024 was sixty months' imprisonment, plus forty-five months of supervised release. *See U.S.S.C. Interactive Data Analyzer, Sentencing Outcomes – Sentence Length*, https://ida.ussc.gov/analytics/saw.dll?Dashboard (last visited Mar. 9, 2026) (compiling federal sentencing data from the state of Maryland from 2020 to 2024). Of those offenders,

---

[6] As of January 8, 2026, one of Mr. Jenifer's co-Defendants, Mr. Johnson, Jr., violated his supervised release and was sentenced to serve a term of twenty-four months. (ECF Nos. 606, 608.) Of course, this change in Mr. Johnson, Jr.'s status does not affect the strength of Mr. Jenifer's argument, as the two are wholly unrelated.

only 3.9% received a sentence between fifteen and twenty years. *Id.* Per the Commission's most-recent data, Mr. Jenifer's sentence is four times longer than the average sentenced imposed today for a similar crime and criminal history. Additionally, his sentence is disparately long compared to similarly situated defendants who committed non-violent, drug-trafficking offenses.[7]

Finally, Mr. Jenifer argues that his rehabilitation while incarcerated warrants a sentence reduction. While rehabilitation alone in the absence of additional factors is not sufficient to establish "extraordinary and compelling" circumstances. Such efforts should be considered alongside other factors. 28 U.S.C. § 994(t); *United States v. Burleigh*, 145 F.4th 541, 552 (4th Cir. 2025) (acknowledging that rehabilitation alone is insufficient as an "extraordinary and compelling" reason, and instead considering rehabilitation alongside other factors, such as the nature and severity of the offense). In this case, Mr. Jenifer's commendable rehabilitation efforts, explained below, coupled with the unwarranted sentencing disparity has established an "extraordinary and compelling" reason for relief. He is thus eligible for a sentence reduction from 240 months (twenty years) to 204 months (seventeen years).

---

[7] For example, Garnett Smith has been previously compared with Mr. Jenifer by both the Government and the Defendant. (ECF No. 589 at 12–13.) Mr. Smith pleaded guilty to conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846. *United States v. Smith*, No. JKB-12-479, ECF No. 93. Judge Bredar of this Court sentenced Mr. Smith to 300 months (twenty-five years). *Id.* at ECF No. 105. While serving that sentence, Mr. Smith filed a motion for compassionate release. Judge Bredar granted his motion in part, reducing his sentence to a term of imprisonment of 240 months (twenty years). *Id.* at ECF No. 252. Later, his sentence was reduced to time served by presidential commutation. *Id.* at ECF No. 255. Mr. Smith was similarly culpable as a leader of a drug conspiracy and possessed a more severe criminal history record than Mr. Jenifer. (ECF No. 589 at 12–13.)

### III.    3553(a) Factors

In *United States v. McCoy*, 981 F.3d 271, 286–87 (4th Cir. 2020), the United States Court of Appeals for the Fourth Circuit made clear that "courts should be empowered to relieve some defendants of [their] sentences on a case-by-case basis" at the court sees just. Accordingly, a court must conduct an "individualized assessment" under § 3553(a) to determine a defendant's eligibility for a reduction. *Id.* at 286. These factors require this Court to consider: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline range; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants. 18 U.S.C. § 3553(a).

As an initial matter, the need for a sentence that provides just punishment, promotes respect for the law, deters crime, protects the public, and promotes Mr. Jenifer's rehabilitation weighs against relief. Mr. Jenifer and his co-Defendants inflicted harm upon the community by participating in a serious offense—the uncontested facts indicate that Mr. Jenifer lead a non-violent drug conspiracy involving large quantities of cocaine. (ECF No. 259, Attach. A.)

Despite Mr. Jenifer's offense, however, his present sentence is unduly long under the remaining § 3553(a) factors. 18 U.S.C. § 3553(a). Notwithstanding his two disciplinary infractions in twenty-five years,[8] Mr. Jenifer's post-sentencing rehabilitation efforts while

---

[8] Mr. Jenifer's BOP disciplinary record reveals infractions in 2005 for phone abuse and 2020 for possessing a hazardous tool. (ECF No. 589, Attach. 4.) In his Motion, Mr. Jenifer clarifies that his 2020 infraction was for cell phone possession. (ECF No. 589 at 16.)

10

incarcerated favor relief. *See United States v. Cole*, No. ELH-18-0167, 2024 WL 3729133, at *1, 19 (D. Md. Aug. 7, 2024) (citing *United States v. Ogun*, 657 F. Supp. 3d 798, 811 (E.D. Va. Feb. 24, 2023) (emphasizing that rehabilitation efforts are a "significant factor" considered in sentence reduction, despite rehabilitation alone being insufficient to warrant release) (internal quotation marks omitted)). First, Mr. Jenifer has demonstrated significant rehabilitation by taking responsibility for his role in his drug trafficking organization. (ECF No. 589 at 7.) During his incarceration, he has participated in numerous educational programs, including personal development, emotional regulation, and career courses. (*Id.*, Attach. 3.) Mr. Jenifer's son, Cameron Harrison, now describes his father as a "a very positive role model." (*Id.*, Attach. 5 at 8.) Additionally, Mr. Jenifer's age of fifty-four years,[9] stable employment opportunity, and broad support network of family and friends reduce his risk of recidivism. On balance, his low likelihood of recidivism and evidence of rehabilitation favor relief.

Furthermore, the need to avoid unwarranted sentencing disparities greatly supports sentence reduction. As discussed above, this Court has repeatedly recognized that sentencing disparities between similarly situated defendants merit relief. *See United States v. Thomas*, No. CCB-04-232, 2024 WL 5239411, at *1, 2 (D. Md. Dec. 27, 2024) (explaining that a disparity between the defendant's sentence and much shorter sentences of co-defendants is "compelling"). While Mr. Jenifer's circumstances differ from those of his co-Defendants in

---

[9] The Fourth Circuit and numerous district courts within this Circuit have acknowledged an empirical correlation in which recidivism rates decrease as a defendant's age increases. *See, e.g.*, *United States v. Howard*, 773 F.3d 519, 533 (4th Cir. 2014) (discussing studies where recidivism rates decrease with age); *United States v. Taylor*, No. ELH-12-0570, 2023 WL 8650367 (D. Md. Dec. 14, 2023) (finding the defendant's age of fifty-five weighed in favor of relief because recidivism rates statistically decrease with age). Thus, Mr. Jenifer's age of fifty-four is a factor meriting reduction.

that he played a leadership role in the drug conspiracy (ECF No. 259, Attach. A), his lengthy sentence accounts for this difference. *See United States v. Benjamin*, No. RDB-14-0048, 2024 WL 4803412, at *1, 6 (D. Md. Nov. 15, 2024) (acknowledging that a defendant's sentence, as compared to his co-defendants' sentences, created an unwarranted sentence disparity, despite defendant's enhanced leadership role). Even factoring in Mr. Jenifer's elevated role, the difference between his sentence and his co-Defendants supports a reduced sentence.

Considering the above, the Court rules that a sentence of 204 months (seventeen years) would provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public to the same extent as his original sentence of 240 months (twenty years). Accordingly, the § 3553(a) factors weigh in favor of a sentence reduction.

In sum, Mr. Jenifer's Motion for Compassionate Release presents extraordinary and compelling reasons meriting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). A sentence reduction would not run afoul of the considerations in 18 U.S.C. § 3553(a). As such, the Court will reduce Mr. Jenifer's sentence from 240 months (twenty years) to 204 months (seventeen years).

**CONCLUSION**

For the reasons stated above, Defendant's Motion for Reduction of Sentence (ECF No. 589) is GRANTED. Mr. Jenifer's sentence is REDUCED from 240 months (twenty years) to 204 months (seventeen years).

A separate Order follows.


Date: March 30, 2026                                    /s/
                                                       Richard D. Bennett
                                                       United States Senior District Judge

13